**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

---

**No. 97-20635**

---

**RAYMOND TORRES,**

**Petitioner-Appellant,**

**v.**

**GARY L. JOHNSON, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION**

**Respondent-Appellee,**

---

**Appeal from the decision of the United States District Court
for the Southern District of Texas**
(H-88-CV-1960)

---

February 1, 1999

Before JONES, SMITH, and EMILIO M. GARZA, Circuit Judges:

PER CURIAM:[*]

On March 16, 1977, a jury found Raymond Torres guilty of murder and sentenced him to life imprisonment. His conviction was affirmed by the Texas Court of Criminal Appeals. Following three state habeas petitions, Torres filed a 28 U.S.C. § 2254 application in federal district court. On May 22, 1991, a magistrate judge issued a memorandum recommending that the petition be dismissed. On July 1, 1991, the district court adopted the recommendation and dismissed the action.

Nearly six years later, Torres filed a Fed. R. Civ. P.

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

60(b) motion for relief from the final judgment.[1]  Torres argued that the district court clerk's office had failed to notify him when the judgment was entered, even though he had, allegedly, meticulously apprised the clerk of his changing addresses.  The district court denied Rule 60(b) relief.  By filing a timely motion for certificate of appealability, Torres perfected his appeal from the district court's decision.  See Stevens v. Heard, 674 F.2d 320, 322 (5th Cir. 1982).  The appellant requests that this court reverse the district court and grant "leave to appeal from the final judgment entered on July 1, 1991."  We affirm.

We review the district court's decision not to grant relief under Rule 60(b) for an abuse of discretion.  See Browder v. Director, 434 U.S. 257, 263 n.7, 98 S. Ct. 556, 560 n.7 (1978); Halicki v. Louisiana Casino Cruises, Inc., 151 F.3d 465, 470 (5th Cir. 1998).  While Torres also challenges the district court's denial of his habeas petition, this court will not review the underlying merits of an action in an appeal from the denial of relief under Rule 60(b).  See id. ("A timely appeal from a ruling on a Rule 60(b) motion may be taken under Fed. R. App. P. 4(a)(5), although the court of appeals may review the ruling only for abuse of discretion and although the appeal does not bring up the

---

[1]  In the district court, the appellant arguably cited only Fed. R. Civ. P. 60(b)(1) in support of his request for relief.  His motion, filed outside the one year period of limitations for pursuing relief based on excusable neglect, was untimely.  See Fed. R. Civ. P. 60(b).  However, construing the pro se motion liberally, this court will consider the pleading a request for general relief under Rule 60(b).  See Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 595-96 (1974) (interpreting pro se litigant's pleadings liberally).

underlying judgment for review." (internal punctuation and citation omitted)).

Finding no abuse of discretion, we affirm the district court's denial of relief under Rule 60(b). First, this circuit has consistently refused to grant Rule 60(b) relief for the sole purpose of allowing an appellant to perfect a timely appeal -- the exact relief sought by Torres. See Lancaster v. Presley, 35 F.3d 229, 231 (5th Cir. 1994) ("[The] petition violates a fundamental tenet of this Circuit's construction of Rule 60(b), i.e., Rule 60(b) cannot be used to extend the time to appeal."). Moreover, even if the appellant's allegations concerning his dealings with the district court clerk's office are accurate, the clerk's failure to notify a party of the entry of a final judgment, without more,[2] does not entitle a party to Rule 60(b) relief from the strict language of Fed. R. Civ. P. 77(d). See Latham v. Wells Fargo Bank, N.A., 987 F.2d 1199, 1204-05 (5th Cir. 1993) (citing Wilson v. Atwood Group, 725 F.2d 255 (5th Cir. 1984) (en banc)). As this court noted in Latham, "Following Wilson, we have consistently rejected the use of Rule 60(b) to provide relief for parties

---

[2] In Tubbs v. Campbell, 731 F.2d 1214, 1215-16 (5th Cir. 1984), this court granted Rule 60(b)(6) relief when the clerk's office affirmatively mislead an appellant regarding the status of his case. The petitioner has neither alleged such conduct nor would the record support such a finding. Aside from making intermittent requests for the docket number of his action and providing various updates with respect to his addresses, the petitioner in this case did nothing more than rely on the clerk to give notice of the entry of judgment -- an insufficient showing to warrant relief. See Latham, 987 F.2d at 1205. In fact, from October 13, 1993, until February 5, 1997, the petitioner does not allege that he made any inquiries regarding the status of his case.

complaining of lack of notice." <u>Latham</u>, 987 F.2d at 1205; <u>see</u> <u>also</u> <u>Lancaster</u>, 35 F.3d at 231-32.  Torres could have filed written requests with the district court or the district court clerk's office in order to document his need for information regarding the status of his case.

      **AFFIRMED.**